# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BARBARA MOHON,

    Plaintiff,

v.                                                              No. 1:19-cv-652 KWR/JHR

NATIONAL CONGRESS OF EMPLOYERS INC.,
HEALTH INSURANCE INNOVATIONS INC.
and Jane Does 1-10,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Default Judgment **(Doc. 10)** as against Defendant National Congress of Employers Inc. (NCE). Defendant Health Insurance Innovations Inc. (HII) filed a Response in Opposition **(Doc. 15)**. Plaintiff did not file a Reply. Having reviewed the Plaintiff's Motion for Default Judgment and HII's opposition, the Court determines that Plaintiff's Motion for Default Judgment will be denied without prejudice.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff filed her complaint in the First Judicial District in the State of New Mexico on June 8, 2018. Defendant HII timely filed its Notice of Removal with this Court based on federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446.

Plaintiff alleges that her cell phone is registered on the National Do Not Call Registry and that Defendants repeatedly made unwanted automated calls, or robocalls, with prerecorded messages using an automatic telephone dialing system ("ATDS") to her phone number. Plaintiff claims that HII operates as a "middle-man" between insurance agents and telemarketing call

centers, on the one hand, and entities marketing various products, in this instance, NCE, on the other. Plaintiff alleges that NCE authorized HII to work with currently unknown telemarketers and insurance agents to sell NCE's health insurance plans which it deceptively implies are "comprehensive or major medical insurance" in violation of the Telephone Consumer Protection Act ("TCPA") Subsections (b) and (c) and the New Mexico Unfair Trade Practices Act ("NMUPA") NMSA Section 57-12-22(A), (B1), and (C)(1). Plaintiff additionally submitted state law claims for nuisance, trespass to chattels, and civil conspiracy.

**The Clerk's Entry of Default**

On July 18, 2019, Plaintiff filed a Request for Clerk's Entry of Default for the Clerk to enter a default judgment against NCE for its failure to appear or otherwise defend as provided by Rule 55 of the Federal Rules of Civil Procedure. **(Doc. 4)**. Plaintiff also filed an Affidavit of Service upon NCE of the Summons and Complaint. The Clerk entered a Clerk's Entry of Default against NCE on July 22, 2019. **(Doc. 5)**.

## DISCUSSION

Plaintiff moves for a default judgment against NCE solely on her statutory claims pursuant to the Telephone Consumer Protection Act (TCPA) and the New Mexico Unfair Trade Practices Act (NMUPA).[1] Plaintiff seeks statutory damages amounting to $96,000, allegedly for 60 violations of the TCPA and 20 violations of the NMUPA.

As a preliminary matter, HII claims that Plaintiff failed to comply with D.N.M. Local Rule 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation

---

1 Plaintiff's Motion states that "Plaintiff will waive the balance of her claims against NCE at this time for purposes of default judgment."

2

of a good-faith request for concurrence may be summarily denied.") by failing to state that HII was opposed to the Motion. HII states that, contrary to Plaintiff's assertion, on July 29, 2019, it responded to counsel for Plaintiff indicating opposition to the default.[2] The Court admonishes Plaintiff to adhere to Local Rule 7.1(a) in filing all future motions or face appropriate sanctions. However, the Court will nonetheless address the merits of Plaintiff's motion.

**Defendant HII's Assertions**

HII's primary argument is that due to the "confusing allegations of the Complaint" it is unclear whether Plaintiff seeks to hold Defendants jointly and severally liable for the asserted claims, and that entry of a default judgment against NCE at this time would severely prejudice HII. Defendant relies upon *Hunt v. Inter-Globe Energy, Inc*. (770 F.2d 145, 147 (10th Cir. 1985)) and *Wilcox v. Raintree Inns of America, Inc.* (Case No. 94-1050, 1996 WL 48857, *2 (10 Cir. 1996)) in support of its argument.

> According to the rule announced in the venerable case of *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), in a case with multiple defendants, judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants. If the case is ultimately decided against the plaintiff on the merits, however, it should "be dismissed as to all the defendants alike—the defaulter as well as the others." Id. This circuit has recognized and applied the *Frow* rule. *Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d 145, 147–48 (10th Cir.1985).

*Wilcox v. Raintree Inns of Am., Inc.,* 76 F.3d 394 (10th Cir. 1996).

The Court in *Wilcox* noted that it did not "believe that the applicability of the *Frow* rule hinges on whether the defendants are jointly and severally liable," but also extended to instances "where multiple defendants have closely related defenses." *Id.*; *See also Mays*

---

[2] HII attaches email correspondence which includes its opposition to the Motion for Default Judgment in response to counsel for Plaintiff's concurrence inquiry (Doc. 10 Ex. 1).

*v. Court Services, Inc.*, 2014 WL 12789019, at *2 (D.N.M. Aug. 19, 2014). The purpose of the *Frow* rule was to prevent from inconsistent judgments. *Mays v. Court Services, Inc.*, 2014 WL 12789019, at *2 (citing *Wilcox*, 1996 WL 48857 at *3).

Here, the substance of Plaintiff's Complaint seeks to hold both HII and NCE vicariously liable for the same calls purportedly in violation of federal and state statutory law. The allegations against Defendants HII and NCE are so intertwined such that inconsistent results could arise whereby HII could be found not liable for these claims because the facts do not support this conclusion, while NCE was held liable on the same factual basis by virtue of its default.[3] Accordingly, the Court determines that Plaintiff's Motion for Default Judgment will be denied at this time without prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment **(Doc. 10)** is **DENIED** without prejudice.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

3 As in *Mays v. Court Services, Inc.* (2014 WL 12789019, at *2 fn 1) the Court finds it notable that Plaintiff did not reply to HII's arguments against entering a default judgment against NCE.