IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA MOHON,

    Plaintiff,

vs.                                                    No. 1:19-cv-00652-KWR-JHR

NATIONAL CONGRESS OF EMPLOYERS, INC.,
and MARLON MILLS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Default Judgment Against Defendants National Congress of Employers, Inc. and Marlon Mills **(Doc. 58).** Having reviewed the pleadings and the applicable law, the Court finds that Plaintiff's motion for default judgment is well taken in part and, therefore, is granted in part. Judgment shall be entered against Defendants National Congress of Employers, Inc. and Marlon Mills in favor of Plaintiff for statutory damages of $36,000.

### BACKGROUND

Plaintiff alleges she received numerous repeated automated telephone calls advertising Defendant NCE's services and products. She asserts Defendants' telephone calls violated the Telephone Consumer Protection Act ("TCPA") and the New Mexico Unfair Practices Act (the "UPA"). Her amended complaint (**Doc. 41**) asserts the following claims:

    Count I: Violations of the TCPA's subsection B.

    Count II: Violations of the TCPA's subsection C.

Count III: common law claims.

Count IV: New Mexico Unfair Practices Act Claims.

Plaintiff alleges 40 violations of subsection B of the TCPA, 20 violations of subsection C of the TCPA, and 60 violations of the New Mexico UPA. She seeks a total of $36,000 in statutory damages, trebled to $108,000.

## DISCUSSION

**I.    Liability.**

Plaintiff seeks default judgment on liability for the TCPA and UPA claims. Rule 55 mandates a two-step process for a default judgment. First, a party must obtain a Clerk's entry of default. Second, the party must request a default judgment. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing Fed. R. Civ. P. 55(a) & (b)). Once a defendant is found to be in default, a court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003). However, even after entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm,* No. 07–cv–2445–LTB–MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (citation omitted), *quoted in Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015).

The Court has federal question jurisdiction over this case, as it involves federal statutes.

Defendants National Congress of Employers and were properly served. **Docs. 3, 55.** Plaintiff has established that she attempted service, Plaintiff also sought alternative service and obtained an order allowing alternative service. **Docs. 48, 50.**

2

After Defendants were served, they failed to appear in this case or answer the complaint. Plaintiff requested that the Clerk of Court enter default against the Defendants and default was entered against both Defendants.

Moreover, the Court concludes that the allegations in the complaint, taken as true, provide a sufficient basis for entry of default judgment for the TCPA and UPA claims. Therefore, Plaintiff is entitled to default judgment on liability.

Defendants have given no indication that they intend to appear or defend this case. Therefore, default judgment is appropriate.

## II.     Plaintiff is Entitled to Statutory Damages.

Plaintiff seeks statutory damages for sixty statutory violations, along with treble damages and post-judgment interest. He seeks to treble the $36,000 statutory damages to $108,000. Plaintiff is entitled to statutory damages of $36,000, but the Court declines to award treble damages.

### A.     Relevant Default Judgment Damages law.

Under Fed.R.Civ.P. 55(b)(1), judgment can be entered for a "sum certain" or a "sum that can be made certain by computation" where a defendant has been defaulted for a failure to appear. *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 20 (1st Cir. 2003). To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 928–29 (9th Cir.2004). Moreover, "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d 145, 148 (10th Cir.1985). A court is not required to accept the plaintiff's legal conclusions or factual allegations

3

when assessing damages and must ensure that there is a legal basis for the damages specified in the default judgment. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).

"In ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment." *Seme v. E & H Prof'l Sec. Co., Inc.*, 2010 WL 1553786, at *11 (D.Colo. Mar. 19, 2010) (citing *Fanning v. Permanent Solution Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C.2009), *quoted in Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1277 (D. Kan. 2016). "The calculation of damages requires the Court to look beyond the averments of the complaint. The Court is required to examine the sufficiency of all evidence with respect to damages, and, when evidence is deemed insufficient, to ascertain the appropriate level of damages through its own inquiry.*"* *Begay v. Rangel*, No. CV 05-0494 MCA/LCS, 2006 WL 8444385, at *2 (D.N.M. Mar. 10, 2006), *quoting Joe Hand Promotions, Inc. v. Hernandez*, No. 03 Civ. 6132(HB) et al., 2004 WL 1488110, at *2 (S.D.N.Y. June 30, 2004) (citations omitted).

### B.     Statutory Damages.

Here, the amount of statutory damages is a sum certain and readily capable of mathematical calculation.

Plaintiff asserts she received over 20 calls which violated subsections B and C of the TCPA. **Doc. 10-1.** Plaintiff is entitled to compensation per violation, not just per call. *Lary v. Trinity Physician Fin.*, 780 F.3d 1101, 1106 (11th Cir. 2015). The Court notes that the motion for default judgment was served on both Defendants and they have not contested damages.

Plaintiff alleges 40 violations of subsection B of the TCPA which consists of 20 auto-dialer calls plus 20 uses of an artificial or prerecord voices directed to Plaintiff's cell phone. Subsection B of the TCPA makes it illegal "to make any call . . . . . using an automatic telephone dialing

4

system **or** an artificial or prerecorded voice . . . . . to any telephone number assigned to a . . . . . cellular telephone service". 47 U.S.C. § 227(b)(1)(A).  The statute allows $500 in damages for each "violation of this subsection." *Id.* § 227(b)(3).  *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015), *citing Charvat v. NMP, LLC,* 656 F.3d 440, 449 (6th Cir.2011) (holding that a plaintiff can recover under section 227(b)(3) and section 227(c)(5) even if both violations arose from the same call).  Plaintiff is entitled to $500 per statutory violation for a total of $20,000 for subsection B violations.

Plaintiff also seeks statutory damages for 20 violations of the Subsection C of the TCPA. Section §227(c)(5) codifies a separate right of action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" ("Subsection **C**" or **"do-not-call" violations**). Subsection C also expressly provides $500 for each violation.  *Id.* Subsection C or "do-not-call" damages are awarded on a "per call" basis only. *See Charvat v. Gvn Michigan Inc.*, 561 F.3d 623 (6th Cir. 2009); *Charvat v. Nmp Llc.*, 656 F.3d 440 (6th Cir. 2011) (explaining that on top of the "do-not-call" or Subsection C damages awarded "per call", additional Subsection B damages are awarded for each Subsection B "violation" within each "call" that violated Subsection C). Plaintiff is therefore entitled to $10,000 in statutory damages for the twenty subsection C violations.

Plaintiff has also alleged sixty violations of the New Mexico UPA.  This consists of 20 violation of NMSA § 57-12-22(A), 20 violations of NMSA § 57-12-22(C)(1), and 20 violations of NMSA § 57-12-22(B)(1).

Plaintiff seeks $100 per violation.  Plaintiff appears to be entitled to $100 per violation, for a total of $6,000:

> Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater. Where the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court may award up to three times actual damages or three hundred dollars ($300), whichever is greater, to the party complaining of the practice.

N.M. Stat. Ann. § 57-12-10(B).

### C.     Treble Damages

Plaintiff seeks treble damages for the TCPA violations. The TCPA allows treble damages "[i]f the court finds that the defendant willfully or knowingly violated" the TCPA. 47 U.S.C. § 227(b)(3). There is a split of authority as to the meaning of willfully or knowingly, "with some courts holding that it means that the defendant should have known that its conduct might violate the statute, and others holding that it instead only requires that the defendant's conduct be volitional, i.e. it intended to dial the telephone number at issue." *Warnick*, 2014 WL 12537066, at *16. Like the TCPA claim, the New Mexico UPA grants a court discretion to treble damages if it finds a willful violation.

The Court, exercising its discretion, declines to award treble damages.

Initially, there is no evidence in the record to support a finding of willfulness. "The Court is required to examine the sufficiency of all evidence with respect to damages, and, when evidence is deemed insufficient, to ascertain the appropriate level of damages through its own inquiry." *Begay v. Rangel*, No. CV 05-0494 MCA/LCS, 2006 WL 8444385, at *2 (D.N.M. Mar. 10, 2006).

Even if the Court were to consider the allegations in the complaint, the Court finds it is insufficient to establish willfulness. Alternatively, the Court exercises its discretion and declines to award treble damages.

### D.     Post Judgment Interest.

Post-judgment interest from the entry of a district court's judgment is mandatory under 28 U.S.C. §1961, which provides that postjudgment interest "shall be allowed on any money judgment in a civil case recovered in a district court" with interest calculated from the date of the entry of the judgment, "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). Further, post-judgment interest "shall be computed daily to the date of payment . . . and shall be compounded annually." § 1961(b). *See Boston Old Colony Ins. Co. et al v. Tiner Assoc., Inc., et al.*, 288 F.3d 222, 223 (5th Cir. 2002) (postjudgment interest is calculated at the federal rate, while prejudgment interest is calculated under state law). Thus, Plaintiff is entitled to postjudgment interest on her damages.

## CONCLUSION

In sum, the Court finds and concludes that Plaintiff is entitled to default judgment and that Defendants NCE and Marlon Mills owe Plaintiff (1) statutory damages in the amount of $36,000 and (2) post-judgment interest at the federal statutory rate. Therefore, judgment will be entered against Defendants National Congress of Employers and Marlon Mills and in favor of Plaintiff in the amount of $36,000.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment Against Defendants National Congress of Employers, Inc. and Marlon Mills **(Doc. 58)** is hereby **GRANTED IN PART** for reasons described above.

A separate judgment will issue.



                **KEA W. RIGGS**
                **UNITED STATES DISTRICT JUDGE**